UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE H. SANCHEZ, | No. 2:18-cv-66-EFB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff moves for an award of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). ECF No. 23. She seeks attorney fees in the amount of $11,094.07 based on 55.03 hours of work performed by attorney Jared Walker at a rate of $201.60 per hour. *See* ECF No. 24-2. She also seeks $20.60 in costs. The Commissioner agrees that plaintiff is entitled to attorney's fees, but he argues that the number of hours expended by counsel was unreasonable and should be reduced accordingly. ECF No. 25. For the following reasons, plaintiff's motion is granted in part.

I.  Reasonableness of Fee Request

The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate and the results obtained. *See Comm'r, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). "[E]xcessive,

1

1  redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges
2  that are not properly billable to a client are not properly billable to the government. *Hensley*, 461
3  U.S. at 434. "[A]n award of fees should be properly apportioned to pursuing the stages of the
4  case in which the government lacked substantial justification." *Corbin v. Apfel*, 149 F.3d 1051,
5  1053 (9th Cir. 1998).

6       As noted, the Commissioner does not dispute the hourly rate sought but contends that the
7  number of hours expended was unreasonable. ECF No. 25 at 2-7. First, defendant argues that the
8  plaintiff is not entitled to fees for the 1.62 hours of work counsel performed prior to commencing
9  this action. In support of that position, the Commissioner cites to 28 U.S.C. § 2412(d) and
10 *Melkonyan v. Sullivan*, 501 U.S. 89, 97 (1991). But section 2412(d) provides that the "court shall
11 award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil
12 action . . . ." 28 U.S.C. § 2412(d)(1)(A). It does not limit fees to only work performed after the
13 civil action is initiated. *Kuharski v. Colvin*, 2015 WL 1530507, at *4 (E.D. Cal. Apr. 3, 2015).
14 Indeed, courts have found that such work is necessary and compensable. *See, e.g.*, *Tate v. Colvin*,
15 2013 WL 5773047, at *4 (E.D. Cal. 2013) ("As a practical matter, some work must be performed
16 to initiate the civil suit—a part of which includes reviewing the facts and the law to ensure the
17 lawsuit is not frivolous as well as drafting and filing the necessary documents to commence the
18 action. Such work is wholly separate from the underlying administrative proceedings and is
19 clearly related to the civil action . . . .").

20      Nor does *Melkonyan* foreclose a prevailing party from recovering fees for work performed
21 prior to the filing the complaint. As this court has previously explained, *Melkonyan* held that,
22 except when the district court retains jurisdiction after remand to the administration, the
23 prevailing party may not recover fees for work performed at the administrative level. *Kirk v.*
24 *Berryhill*, 244 F. Supp. 3d 1077, 1083 (E.D. Cal.) (Mag. Brennan) ("*Melkonyan* does not preclude
25 plaintiff from recovering fees for work performed prior to the filing of the complaint"); *see*
26 *Melkonyan*, 501 U.S. at 97 (In "cases where the district court retains jurisdiction of the civil
27 action and contemplates entering a final judgment following the completion of administrative
28 proceedings, a claimant may collect EAJA fees for work done at the administrative level.").

The Commissioner next argues that plaintiff impermissibly seeks attorney fees for 0.71 hours counsel spent performing clerical tasks. ECF No. 25 at 3-4. The U.S. Court of Appeals for the Ninth Circuit has explained that "[i]t simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost." *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1993). "[C]osts associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable." *Bakwell v. Astrue*, 2013 WL 638892, at * 3 (D. Or. Jan. 9, 2013) (citing *Jenkins*, 491 U.S. at 288 n.10); *see also Nadarajoh v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (reducing hours billed at paralegal rate for the performance of clerical work).

Plaintiff's billing records reflect that counsel spent 0.71 of an hour preparing and reviewing documents related to service of process and completing and filing a consent to proceed before a magistrate judge form. Preparing a consent form and documents for service could be completed by experienced support staff. But counsel was still required to spend time reviewing such documents before their submission. Spending less than 45 minutes completing these tasks is not unreasonable. Accordingly, the court sees no need to reduce the award based on these billing entries.[1]

The Commissioner also argues that plaintiff's counsel spent an excessive number of hours reviewing the administrative record and preparing his client's motion for summary judgment. The time it takes to prepare a motion for summary judgment will vary from case to case. Indeed, "[s]ocial security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." *Patterson v. Apfel*, 99 F. Supp. 1212, 213 (C.D. Cal. 2000); *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1134 n.1 (9th Cir. 2012) ("[T]he term 'routine' is a bit of a misnomer as social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence."). Thus, the time

---

[1] The court also notes that plaintiff does not seek any fees for 2.27 hours counsel spent on various tasks that could be categorized as clerical tasks. *See* ECF No. 24-2 at 2-3.

required to prepare summary judgment motions, even those that are similar in length, may vary greatly depending on the facts of the case and the length and complexity of the medical records.

Having reviewed the record, the court cannot find that the number of hours expended by counsel in briefing the merits of this case was unreasonable. Plaintiff's counsel spent 19.26 hours reviewing the 1,684-page administrative record and another 27.73 drafting and finalizing plaintiff's 22-page motion for summary judgment. ECF No. 24-2 at 2. While counsel expended a significant number of hours in briefing the merits—perhaps more than typically expended in social security cases—he did not represent plaintiff at the administrative level and had to become familiar with the case's large administrative record, which included more than 1150 pages of medical records. Moreover, the time spent preparing plaintiff's motion for summary judgment was time well spent. That motion ultimately resulted in the Commissioner agreeing to stipulate to the case being remanding for further proceedings. Accordingly, the court cannot agree with defendant's characterization of this case as "routine." *Cf. Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1134 n. 1 (9th Cir. 2012) ("[T]he term 'routine' is a bit of a misnomer as social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence.").

Moreover, the number of hours expended by plaintiff's attorney is well within the range of what is considered reasonable in social security cases litigated in this district. *See Boulanger v. Astrue*, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Watkins v. Astrue*, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); *Vallejo v. Astrue*, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); *Dean v. Astrue*, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41 hours to be a reasonable amount of time); *see also Costa v. Commissioner of Social Sec. Admin.*, 690 F.3d 1132, 1136-37 (9th Cir. 2012) (holding that "[d]istrict courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases," and observing that "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases. . . . .).

Lastly, the Commissioner objects to the $22.60 cost request for postage to the U.S. Marshal and for service of process. ECF No. 25 at 7. The record reflects that plaintiff's counsel mailed the United States Marshal the documents needed to complete service. However, the documents were returned due to the failure to specify on the Marshal's form USM-285 the government agencies that needed to be serve. ECF No. 6 ¶¶ 3-5. Rather than resubmit the documents, counsel opted to complete service on the Social Security Administration and the United States Attorney General without assistance from the Marshal. *Id.* ¶ 6. Plaintiff's billing records reflect that the cost of submitting the documents to the Marshal was $2.50, while postage for completing service totaled $20.10. Given that the latter postage costs are attributable to a failure to provide the Marshal with the requisite information in the USM-285, those costs will not be awarded.

II. Payment of Fees to Plaintiff

Defendant argues that any fee award must be paid directly to plaintiff, not her attorney. ECF No. 25 at 8. *Astrue v. Ratliff*, 560 U.S. 586 (2010) requires fees awarded under the EAJA to be paid directly to the litigant. However, courts in this district regularly order payment directly to counsel so long as plaintiff does not have a debt that is subject to offset and the plaintiff assigned her right to EAJA fees to counsel. *See, e.g., Allen v. Colvin*, 2014 WL 6901870 at *3 (E.D. Cal. 2014); *Knyazhina v. Colvin*, 2014 WL 5324302 at *3 (E.D. Cal. 2014); *Louis v. Astrue*, 2012 WL 92884 at *7 (E.D. Cal. 2012); *Burnham v. Astrue*, 2011 WL 6000265 at *2 (E.D. Cal. 2011); and *Calderon v. Astrue*, 2010 WL 4295583 at *8 (E.D. Cal. 2010). Here, plaintiff assigned her right to EAJA fees to her attorney. ECF No. 24-1. Accordingly, should plaintiff not have a debt subject to offset, the award of fees shall be paid directly to counsel.

IV. Conclusion

Based on the foregoing, the court finds that the plaintiff is entitled to fees in the amount of $11,094.07, plus $2.50 in costs. Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for attorney's fees and costs (ECF No. 23) is granted in part;

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $11,094.07, plus $2.50 for costs, for a total award of $11,096.57;

   3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to plaintiff and delivered to plaintiff's counsel, unless plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that plaintiff does not owe a federal debt, the government shall accept plaintiff's assignment of EAJA fees and pay fees directly to plaintiff's counsel.

DATED: September 23, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE